UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHANE TYREE, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | No. 1:23-cv-02303-JMS-MJD |
| ) | |
| KENT EASTWOOD, *Prosecutor*, ) | |
| CHRISTINA PACE, *Prosecutor*, ) | |
| FRANK WOLFE, III, *Law Enforcement Officer*, ) | |
| DAVID EDWARDS, *Law Enforcement Officer*, ) | |
| GABE FRIETZSCHE, *Law Enforcement Officer*, ) | |
| BLAYNE ROOT, *Law Enforcement Officer*, ) | |
| WOODSPRING SUITES AND THE STAFF, ) | |
| *in their official capacity as employees of* ) | |
| *WoodSpring Suites*, and ) | |
| TAMMY THOMAS, ) | |
| ) | |
| *Defendants*. ) | |

**ENTRY GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, SCREENING COMPLAINT, AND DIRECTING FURTHER PROCEEDINGS**

Presently pending before the Court are *pro se* Plaintiff Shane Tyree's Complaint, [Filing No. 1], Motion to Proceed *In Forma Pauperis*, [Filing No. 2], and Motion for Assistance with Recruiting Counsel, [Filing No. 3]. This Entry addresses Mr. Tyree's Motions, screens his Complaint pursuant to 28 U.S.C. § 1915(e)(2), and directs further proceedings.

**I.
MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

28 U.S.C. § 1915(a) permits the Court to authorize a plaintiff to file a lawsuit "without prepayment of fees" if the plaintiff "submits an affidavit" demonstrating that she lacks the assets to pay the filing fee at this time. 28 U.S.C. § 1915(a)(1). Mr. Tyree's Motion for Leave to Proceed *In Forma Pauperis*, [2], meets this standard and is therefore **GRANTED**.

1

The Court notes that, while *in forma pauperis* status allows the plaintiff to proceed without *pre*-payment of the filing fee, the plaintiff remains liable for the full fee. *Robbins v. Switzer,* 104 F.3d 895, 898 (7th Cir. 1997) (Every *in forma pauperis* litigant is liable for the filing fee; "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the *pre*-payment of fees") (emphasis in original). The Court does not have the authority to waive the filing fee, and it remains due despite plaintiff's *in forma pauperis* status. *Fiorito v. Samuels*, 2016 WL 3636968, *2 (C.D. Ill. 2016) ("The Court does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 2015 WL 4773135, *5 (E.D. Wis. 2015) (same principle). The filing fee for *in forma pauperis* litigants is $350. *See* USDC Fee Schedule at https://www.insd.uscourts.gov/fees-financial-information (stating that the $405 filing fee includes a $55 administrative fee, but that the administrative fee "does not apply to…persons granted in forma pauperis status under 28 U.S.C. § 1915"). Immediate payment is not required; however, the $350 balance remains owing.

## II.
### SCREENING

**A.     Screening Standard**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss a case brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6).  See *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive dismissal:

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B.     Complaint

Mr. Tyree presents an extensive narrative of allegations that prosecutors, police officers, and certain private persons all conspired to deprive him of his Fourth Amendment rights.  Because of the narrative's length, the Court will not reproduce all of it but will address those allegations most pertinent to the analysis:

On December 22, 2021, Mr. Tyree's friend, who resided in a room at a Whitestown WoodSpring Suites Hotel, passed away.  [Filing No. 1 at 5.]  Mr. Tyree visited the hotel to collect his friend's belongings, only to discover that the locks on the door had been changed.  [Filing No. 1 at 5.]  Prompted by a tip from the decedent's ex-girlfriend, Ms. Thomas, several Whitestown police officers (the "Officer Defendants") met Mr. Tyree, notified him of the decedent's death, and discovered that Mr. Tyree had an outstanding warrant.  [Filing No. 1 at 5; Filing No. 1-1 at 1.]  The Officer Defendants then "rushed" Mr. Tyree, handcuffed him, and discovered a "small bag of methamphetamine" on the floor of the hotel room.  [Filing No. 1-1 at 1.]  The police report of the encounter states that "the manager of the hotel 'located several high-value items and asked that [they] collect them and place them in safekeeping.'"  [Filing No. 1-1 at 2.]  These items included "one green and clear glass smoking device," "one silver scale with a digital reader," and "3 black Motorola walkie talkie radios."  [Filing No. 1-1 at 2].

3

Mr. Tyree alleges that the Officer Defendants used the discovery of the methamphetamine to charge Mr. Tyree with felony possession of methamphetamine. [Filing No. 1-1 at 1.] Mr. Tyree further asserts that the Officer Defendants used the discovery of the smoking device and scales to charge him with possession of drug paraphernalia. [Filing No. 1-1 at 3.] According to Mr. Tyree, "the [p]rosecutor and the [j]udge had no problem rubber stamping these charges and . . . neglected to do their due diligence." [Filing No. 1-1 at 3.] As a result, Mr. Tyree spent 75 days in jail. [Filing No. 1-1 at 3.] In jail, Mr. Tyree was allegedly pressured to accept a plea deal by being threatened with being charged as a habitual offender, but "informed them [that he] would not take any plea bargain for a fabricated case." [Filing No. 1-1 at 4].

Mr. Tyree proceeded to trial on the criminal charges, during which Mr. Tyree states that at least one Officer Defendant, Officer Frank Wolfe, committed perjury. [Filing No. 1-1 at 6.] According to Mr. Tyree:

> The prosecutor gave the jury, Mr. Wolfe and the defense a still frame photo of Mr. Wolfe's [b]ody cam that shows [Mr. Tyree] facing away and bent over with [his] hands behind [his] back open with palms up. One hand is empty and the other has a cell phone laying flat in [his] palm with a key card for the hotel room laying on top of it and a Wal-Mart bag is hanging from [his] fingers. When questioned about what [Officer Wolfe discovered, he] testified that there was a cell phone, some type of card and a bag of meth.

[Filing No. 1-1 at 6.] Mr. Tyree alleges that "[t]his amounts to perjury. Officer Wolfe lied on the stand. It seems that Mr. Wolfe was willing to try anything to protect himself and other conspirators." [Filing No. 1-1 at 6.] According to Mr. Tyree, "[t]he prosecutor was stunned into silence." [Filing No. 1-1 at 6.]

Mr. Tyree recounts how a video filmed by a friend of his (who drove him to the hotel and was a bystander to the arrest) showed the jury that the evidence against him was planted:

> [The video showed that] [a]s the police are handcuffing [him] they are all facing away from where the bag of meth was discovered. At that time the hotel manager

4

>walk[ed] up to the location where the meth [was] later found and you [can] see him take his hands out of the front pocket of his hoodie and it looks like something drop[ped] from his hand and then he put[] his hands back in the pocket and it looks like he [was] pushing something around with his foot.

[Filing No. 1-1 at 7-8.] "After the jury had seen this video," according to Mr. Tyree, the prosecutor "finally admit[ed] that she still could not figure out how the meth got there . . . but she knew it was [his]." [Filing No. 1-1 at 8.] The jury found Mr. Tyree not guilty. [Filing No. 1-1 at 8.]

Now, Mr. Tyree accuses Defendants of conspiring to perpetuate a malicious prosecution against him in violation of his Fourth Amendment rights. [Filing No. 1-1 at 8-9]. Mr. Tyree alleges that he has suffered "irreparable damage" psychologically stemming from his 75 days in jail; the ordeal of the arrest, trial, and prosecution; and the loss of "almost all of [his] personal belongings because [he] was not allowed to get them out of the hotel room." [Filing No. 1-1 at 9; Filing No. 1 at 6.] He "no longer trust[s] any government officials." [Filing No. 1 at 6.] He demands damages amounting to $2,000,000. [Filing No. 1 at 6.]

Mr. Tyree has sued Boone County Prosecutor Kent Eastwood and Prosecutor Christina Pace ("the Prosecutor Defendants"); the Officer Defendants; and the WoodSpring Suites and Staff and the decedent's former girlfriend, Ms. Thomas ("the Private Defendants"). [Filing No. 1-1 at 11.]

C.  Discussion

Mr. Tyree is suing all the defendants pursuant to 42 U.S.C. § 1983. [Filing No. 1 at 2.] "[I]n a § 1983 suit," the "threshold inquiry" is "identify[ing] the specific constitutional right at issue." *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 920 (2017) (citation and internal quotations omitted). Here, that constitutional right is the Fourth Amendment, which "governs a claim for unlawful pretrial detention," *Id.*, and "malicious prosecution." *Thompson v. Clark*, 142 S. Ct. 1332, 1337 (2022).

5

From Mr. Tyree's Complaint, the Court identifies the following claims: (1) unlawful pretrial detention; (2) malicious prosecution; and (3) conspiracy to violate civil rights. The Court addresses the claims applicable to each group of Defendants in turn.

  1.  *Prosecutor Defendants*

Against the Prosecutor Defendants, Mr. Tyree appears to allege claims of unlawful pretrial detention and malicious prosecution, pursuant to the Fourth Amendment under 42 U.S.C. § 1983. As the Seventh Circuit has instructed, "[p]rosecutors are absolutely immune from liability for damages under § 1983 for conduct that is functionally prosecutorial; this immunity is understood to broadly cover all conduct associated with the judicial phase of the criminal process." *Bianchi v. McQueen*, 818 F.3d 309, 316 (7th Cir. 2016) (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 341-43 (2009)). When a prosecutor "professional[ly] evaluat[es] the evidence assembled by the police," in "preparing for the initiation of judicial proceedings," she is entitled to prosecutorial immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). When the allegation is that a prosecutor should have "found and turned over" exculpatory material, the prosecutor is entitled to immunity. *Van de Kamp*, 555 U.S. at 345. And when prosecutors and their supervisors took actions related to an individual trial, they are still entitled to immunity. *Van de Kamp*, 555 U.S. at 346.

Whether Mr. Tyree alleges that the Prosecutor Defendants should have discovered the fabricated evidence, done a different kind of due diligence, or refrained from taking him to trial at all, these alleged actions and inactions are squarely within absolute prosecutorial immunity. *Accord Briscoe v. LaHue*, 663 F.2d 713, 721-22 (7th Cir. 1981) (affirming absolute immunity for prosecutors who allegedly "knowingly used perjured testimony"), *aff'd,* 103 S. Ct. 1108 (1983). Mr. Tyree's claims against the Prosecutor Defendants are **DISMISSED.**

### 2. Officer Defendants

Against the Officer Defendants, Mr. Tyree appears to allege the same Fourth Amendment claims for unlawful pretrial detention and malicious prosecution.

#### a. Unlawful Pretrial Detention

"The Fourth Amendment . . . establishes the standards and procedures governing pretrial detention." Manuel, 137 S. Ct at 914 (citation and internal quotations omitted). A claim for unlawful pretrial detention invokes "the Fourth Amendment's protection against unfounded invasions of liberty." Id. at 918 (citation omitted). Pretrial detention, a kind of seizure, is unlawful if it is not supported by "probable cause to believe the individual has committed a crime." Moorer v. City of Chi., ___ F.4th ___, 2024 WL 511197, at *3 (7th Cir. Feb. 9, 2024). Unlawful pretrial detention can arise from a variety of events, such as when the probable cause determination is undermined by an officer's "withholding of information . . . [from] the probable cause determination" that would be "material." Id.; see also Garcia v. Posewitz, 79 F.4th 874, 879 (7th Cir. 2023). Regardless of the precise form of the events surrounding the pretrial detention, if the legal process "is tainted . . . by fabricated evidence—and the result is that probable cause is lacking, then the ensuing pretrial detention violates the confined person's Fourth Amendment rights." Manuel, 137 S. Ct. at 920 n.8.

Mr. Tyree alleges that his pretrial detention was not supported by probable cause and that the Officer Defendants are to blame. He states that his charges and pretrial detention were "rubber stamped" for failure of the judicial system to identify that the "police narrative" was "worthless" because of "how and where" the evidence was obtained. [Filing No. 1-1 at 3.] Mr. Tyree alleges that the evidence was obtained by misconduct when the Officer Defendants conspired to plant evidence of drugs and drug paraphernalia. [Filing No. 1-1 at 7-8.] To corroborate his account, Mr. Tyree alleges that before trial, the charges for drug paraphernalia were dropped; that at trial,

7

he allegedly produced video footage suggesting the drugs were planted; and after trial, he was acquitted. [Filing No. 1-1 at 7-8.] Planted evidence is undoubtedly material to a probable cause determination and whether pretrial detention is lawful. Indeed, "[f]alsifying the factual basis for a judicial probable cause determination violates the Fourth Amendment." *Lewis v. City of Chi.*, 914 F.3d 472, 477 (7th Cir. 2019). Although a judicial official apparently approved Mr. Tyree's detention, "[i]f police officers have been instrumental in the plaintiff's continued confinement or prosecution, they cannot escape liability by pointing to the decisions of prosecutors or . . . magistrates to confine or prosecute him." *Jones v. City of Chi.*, 856 F.2d 985, 994 (7th Cir. 1988). Consequently, Mr. Tyree has plausibly alleged a "viable Fourth Amendment claim" against the Officer Defendants "for unlawful pretrial detention based on falsified evidence." *Lewis v. City of Chi.*, 914 F.3d at 474-75. This claim **SHALL PROCEED**.

      b.  <u>Malicious Prosecution</u>

Mr. Tyree also appears to sue the Officer Defendants for malicious prosecution. A claim for malicious prosecution vindicates not only a plaintiff's interest in liberty, but also his interest in his "character or reputation." *Thompson*, 142 S. Ct. at 1337. Such a claim has the following elements:

  (i)  the suit or proceeding was instituted without any probable cause;
  (ii)  the motive in instituting the suit was malicious, which was often defined in this context as without probable cause and for a purpose other than bringing the defendant to justice;
  (iii)  the . . . prosecution resulted in a seizure of the [accused]; and
  (iv)  the prosecution terminated in the acquittal or discharge of the accused.

*Id.* at 1337 n.2 & 1338 (internal quotations omitted) (citing *Manuel*, 580 U.S. at 365-66).

Mr. Tyree appears to allege that certain Defendants conspired to plant evidence on him to support the prosecution against him. The Court finds that Mr. Tyree's claim satisfies the above elements because he has plausibly alleged that his detention was without probable cause, was done

maliciously, and as Mr. Tyree explains, ended in an acquittal. Public records show that Mr. Tyree was, in fact, acquitted. *See State of Indiana v. Shane Tyree*, No. 06D02-2112-F6-002340 (acquitted Mar. 9, 2022). Mr. Tyree has stated a claim under the Fourth Amendment for malicious prosecution against the Officer Defendants. The claims **SHALL PROCEED**.

### 3. *Private Defendants*

Mr. Tyree appears to allege a claim for conspiracy to violate civil rights against the Private Defendants. "[P]rivate parties may be liable under § 1983 if they conspired with public officials to deprive a plaintiff of his constitutional rights." *Briscoe*, 663 F.2d at 722. Mr. Tyree alleges that the Private Defendants conspired with the Officer Defendants to fabricate evidence and trump up charges against him. [Filing No. 1-1 at 1.]

As for Ms. Thomas, Tyree presents little beyond bare accusation. Because Mr. Tyree's allegations against Ms. Thomas do not "set forth any facts suggesting a conspiracy between state officials and [her]," *Briscoe*, 663 F.2d at 723, any § 1983 claim against her is **DISMISSED**.

As for WoodSpring Suites, "a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982). Consequently, WoodSpring Suites cannot be liable for an alleged conspiracy to violate Mr. Tyree's civil rights under the facts averred by Mr. Tyree and any conspiracy claim against WoodSpring Suites is **DISMISSED**.

But as for the hotel manager, Mr. Tyree has plausibly alleged that the hotel manager assisted in planting evidence. [Filing No. 1-1 at 8.] A claim for conspiracy to violate civil rights in the form of malicious prosecution under § 1983 **SHALL PROCEED** against the hotel manager. The hotel manager, however, is unnamed. Mr. Tyree states that most of the employees at the WoodSpring Suites "no longer work there and [he is] still trying to discover their full names because none of them were called as witnesses and their names are not in the police report." [Filing

9

No. 1-1 at 11.] He provides the address of the WoodSpring Suites instead. [Filing No. 1-1 at 11.] Unnamed or unknown defendants are not foreign to federal courts. *See, e.g.*, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The Seventh Circuit has provided guidelines for assisting *pro se* plaintiffs in identifying unnamed but known defendants:

> [W]hen the substance of a pro se civil rights complaint indicates the existence of claims against individual officials not specifically named in the caption of the complaint, the district court must provide the plaintiff with an opportunity to amend the complaint. To the extent the plaintiff faces barriers to determining the identities of the unnamed defendants, the court must assist the plaintiff in conducting the necessary investigation.

*Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 & n.3 (7th Cir. 1996) (citing cases), *abrogated on other grounds by Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 597 (7th Cir. 2006). Such assistance includes "providing counsel for the limited purpose of amending the complaint," "ordering service on all officers who were on duty during the incident in question," and "ordering the named defendants to disclose the identities of unnamed officials involved." *Donald*, 95 F.3d at 556. As such, the Court **ORDERS** WoodSpring Suites to disclose the identity of the hotel manager involved in the allegations described above. WoodSpring Suites shall do so by filing a report with the Court and mailing a copy of the report to Mr. Tyree by **March 8, 2024**.

### III.
#### MOTION FOR ASSISTANCE WITH RECRUITING COUNSEL

Mr. Tyree has filed a Motion for Assistance with Recruiting Counsel. [Filing No. 3.] Under 28 U.S.C. § 1915(e)(1), a Court is permitted, but not required, to "request an attorney to represent any person unable to afford counsel." "When confronted with a request under § 1915(e)," the Seventh Circuit requires the following inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503

F.3d 647, 654 (7th Cir. 2007) (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). "This standard takes account of mental or physical capabilities that may affect a plaintiff's ability to litigate." *Mapes v. Indiana*, 932 F.3d 968, 971 (7th Cir. 2019).

In this case, Mr. Tyree states that he cannot afford counsel, has only a high school education, and lives with a disability that would affect his ability to litigate the case on his own. [Filing No. 3.] Assuming without deciding whether Mr. Tyree has been precluded from obtaining counsel, the Court observes that no defendant has filed an answer, which leaves the Court unable to determine whether the case is too difficult for Mr. Tyree to litigate on his own. Although the Court is not "restrict[ed] [in its] discretion to recruit counsel for a deserving plaintiff until after the defendant has answered the complaint," *Mapes*, 932 F.3d at 971, it is equally true that the Court prudently can wait "until the defendants respond," at which time "the plaintiff's need for assistance of counsel . . . can[] be gauged." *Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013); *accord Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010) (affirming district court's denial of motion for assistance of counsel where "at the time [the *pro se* plaintiff] made his motion none of the defendants had filed an answer," such that "the case was still in its infancy, thereby making it impossible at that juncture to make any accurate determination regarding [the *pro se* plaintiff's] abilities or the outcome of the lawsuit.").

Mr. Tyree's Motion, [3], is **DENIED AS PREMATURE**. Mr. Tyree may re-file his motion after the remaining Defendants file a responsive pleading.

### IV.
#### CONCLUSION

The Court, having considered the above action and the matters that are pending, makes the following rulings:

1. Mr. Tyree's Motion to Proceed *in Forma Pauperis*, [2], is **GRANTED**;

2. As for Mr. Tyree's Complaint, [1]:

    a. Claims of malicious prosecution and unlawful detention under the Fourth Amendment pursuant to § 1983 against the Prosecutor Defendants are **DISMISSED**;

    b. Claims of unlawful detention and malicious prosecution under the Fourth Amendment pursuant to § 1983 against the Officer Defendants **SHALL PROCEED**;

    c. Claims of conspiracy to violate Mr. Tyree's civil rights pursuant to § 1983 against WoodSpring Suites and Ms. Thomas are **DISMISSED**;

    d. Claims of conspiracy to violate Mr. Tyree's Fourth Amendment right to be free from malicious prosecution and unlawful detention against the unnamed hotel manager **SHALL PROCEED**. WoodSpring Suites shall do so by filing a report with the Court and mailing a copy of the report to Mr. Tyree by **March 8, 2024.** Mr. Tyree shall file an Amended Complaint naming that individual as a defendant by **March 22, 2024**. The Court will then order service on that individual;

    e. The Clerk is **DIRECTED** to **TERMINATE** Kent Eastwood, Christina Pace, Tammy Thomas, and WoodSpring Suites and staff as parties from this case and to **ADD** Unnamed WoodSpring Suites Manager as a Defendant;

3. Mr. Tyree's Motion for Assistance with Recruiting Counsel, [3,] is **DENIED AS PREMATURE**;

4. Because Mr. Tyree is proceeding *in forma pauperis*, Federal Rule of Civil Procedure 4(c)(3) requires the Court to order service. Accordingly, the Clerk is **DESIGNATED** pursuant to Rule 4(c)(3) to issue process to the Officer Defendants in the manner specified by Rule 4(d). Process shall consist of the Complaint and its Exhibit, [Filing No. 1; Filing No. 1-1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry;

5. The Clerk is **DIRECTED** to send a copy of this Order to WoodSpring Suites at the address below, for purposes of notifying it of its obligation to identify the unnamed hotel manager; and

6. If Mr. Tyree believes that additional claims were alleged in the Complaint, but not identified by the Court in this Entry, he shall have until **March 22, 2024**, to file an Amended Complaint identifying those claims.

Date: 2/21/2024

*[Signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

SHANE TYREE
960 N. Pennsylvania St.
Indianapolis, IN 46204

FRANK WOLFE, III
1269 Eton Way
Avon, IN 46123-5594

DAVID EDWARDS
6568 Harvest Moon Ln
Whitestown, IN 46075-0117

GABE FRIETZSCHE
3170 W 200 S
Lebanon, IN 46052-8405

BLAYNE ROOT
4734 Elizaville Rd
Lebanon, IN 46052-8230

WOODSPRING SUITES
6007 Perryworth Rd.
Whitestown, IN 46075